IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMITRI BROWN AND DONNA EVANS-BROWN, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:12-cv-4947-P |
| CHRISTOPHER B. BRIDGES, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Christopher B. Bridges ("Defendant" or "Bridges") has filed a motion to compel Plaintiffs' Discovery Responses and for Sanctions (the "Motion to Compel"). *See* Dkt. No. 28. Judge Solis has referred this Motion to the undersigned. *See* Dkt. No. 30. Plaintiffs Demitri Brown and Donna Evans-Brown have filed a response, *see* Dkt. No. 33, and Plaintiff Demitri Brown has filed a Motion to Supplement Plaintiffs' Response to Defendants' Motion to Compel, *see* Dkt. No. 38 ("Motion to Supplement"), and a Motion for Hearing and/or in the Alternative to Assign Case to Arbitrator/Mediator, *see* Dkt. No. 39 ("Motion for Hearing"). Judge Solis referred these two additional motions to the undersigned as well. *See* Dkt. Nos. 42 & 43.

In a separate order [Dkt. No. 46], the undersigned granted in part and denied in part Defendant's Motion to Compel Plaintiffs' Discovery Responses and for Sanctions [Dkt. No. 28], granted in part and denied in part Plaintiff Demitri Brown's Motion to Supplement [Dkt. No. 38], and denied Plaintiff Demitri Brown's Motion for Hearing

[Dkt. No. 39].

Defendant has requested that the Court sanction Plaintiffs under Fed. R. Civ. P. 37(b), including by dismissing their claims with prejudice and entering default judgment against them as to Defendant's counterclaims, based on Plaintiffs' failure to confer and coordinate in filing a joint status report as required by the Court's July 15, 2013 Order [Dkt. No. 31]. *See* Dkt. No. 32; Dkt. No. 35; Dkt. No. 40. For the reasons stated herein, that request should be denied.

## Legal Standards and Analysis

Rule 37 allows the district court to sanction a party for failing to comply with a discovery order by taking any number of possible actions, including "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b). Courts in the Fifth Circuit look to the following considerations when determining if dismissal or default judgment is an appropriate sanction: whether failure to comply with the Court's order results from wilfulness or bad faith, not from an inability to comply; whether the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions; and whether the other party's preparation for trial was substantially prejudiced. *See Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). Because of the severity of the sanction, a default judgment or dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. *See*

*Compass Bank v. Villareal*, Civ.A. No. L-10-8, 2011 WL 1740270, at *5 (S.D. Tex. May 5, 2011) (citing cases). Furthermore, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *Batson*, 765 F.2d at 514 (citations omitted).

The United States Court of Appeals for the Fifth Circuit has noted that dismissal with prejudice is "a draconian remedy" and the "remedy of last resort" "[b]ecause the law favors the resolution of legal claims on the merits and because dismissal is a severe sanction that implicates due process." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994) (citation omitted). Likewise, default judgment is a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n v. Am. First Mtg. Funding Corp.*, 874 F.2d 274, 276 (5th Cir. 1989). And there is generally a strong policy in favor of deciding cases on the merits. *See Fortenberry v. Texas*, 75 Fed. App'x 924, 926 n.1 (5th Cir. 2003).

Rule 37 separately mandates an award of fees and expenses against any party that necessitates a motion to compel where, as here, the motion is granted and was caused by the responding party's failure to produce documents responsive to discovery requests. *See* FED. R. CIV. P. 37(a)(5)(A). But the Court will not award fees and expenses if (a) the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, (b) the Court determines that the response of the non-moving party was substantially justified, or (c) if other

circumstances make an award of expenses unjust. *See id.*

The undersigned already determined in a separate order that none of these exceptions are present here and that, under Rule 37(a), because Defendant prevailed on his Motion to Compel in its entirety, Defendant is entitled to reimbursement of the attorneys' fees and expenses incurred in preparing and filing the Motion to Compel and related filings. *See* Dkt. No. 46.

Defendant also requests sanctions for Plaintiffs' failure to confer and coordinate in filing a joint status report as required by the Court's July 15, 2013 Order [Dkt. No. 31]. *See* Dkt. No. 35; Dkt. No. 40. As the undersigned explained in the separate order, *see* Dkt. No. 46, the Court does not condone Plaintiffs' failure to comply with the undersigned's order requiring the parties to confer and file a joint status report on Defendant's Motion to Compel. But the record suggests that the Court's July 15, 2013 Order [Dkt. No. 31] may not have been served on Plaintiff Demitri Brown because it was served to an email address that his wife and co-plaintiff Donna Evans-Brown maintain. *See* Dkt. No. 37. Further, Plaintiffs have filed responses that enabled the undersigned to resolve Defendant's Motion to Compel. And Defendant does not himself allege any prejudice, at this point, in his preparation for trial. *See* Dkt. No. 40.

Again, without excusing or condoning Plaintiffs' noncompliance with the Court's July 15, 2013 Order, and without suggesting that Plaintiffs can expect a similar response from the Court in the future, the undersigned believes the award of the attorneys' fees and expenses incurred in preparing and filing the Motion to Compel and related filings is an appropriate sanction under the circumstances and believes that the

deterrent value of Rule 37 can be achieved in the present circumstances by the use of this less drastic sanction without further Rule 37(b) sanctions. Although Plaintiffs' conduct may be heading in the wrong direction, the undersigned does not find the clear record of delay or contumacious conduct at this time that would make the most severe Rule 37(b) sanctions appropriate.

## Recommendation

The Court should deny Defendant's request that the Court sanction Plaintiffs under Fed. R. Civ. P. 37(b), including by dismissing their claims with prejudice and entering default judgment against them as to Defendant's counterclaims. *See* Dkt. No. 32; Dkt. No. 35; Dkt. No. 40.

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 26, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE