IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEMITRI BROWN AND DONNA      §
EVANS-BROWN,                 §
                             §
        Plaintiffs,          §
                             §
V.                           §          No. 3:12-cv-4947-P
                             §
CHRISTOPHER B. BRIDGES, ET AL.,  §
                             §
        Defendants.          §

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

Plaintiff Demitri Brown has filed a Motion to Compel Discovery Responses and for Sanctions (the "Motion to Compel"). *See* Dkt. No. 83. Judge Solis has referred this Motion to Compel to the undersigned magistrate judge. *See* Dkt. No. 84. Defendant Chris Bridges ("Defendant") filed his brief in opposition, *see* Dkt. No. 87, and Plaintiff Demitri Brown filed a reply, *see* Dkt. No. 90. Defendant then filed a Motion for Leave to File a Surreply to Plaintiff's Reply, *see* Dkt. No. 91 ("Motion for Leave"), and Plaintiff filed a Motion for Issuance of Subpoena, *see* Dkt. No. 96. Judge Solis referred these two additional motions to the undersigned as well. *See* Dkt. No. 97.

For the reasons explained below, Plaintiff's Motion to Compel [Dkt. No. 83] is GRANTED IN PART and DENIED IN PART, Defendant's Motion for Leave [Dkt. No. 91] is DENIED, and Plaintiff's Motion for Issuance of a Subpoena [Dkt. No. 96] is DENIED.

-1-

## Motion for Leave and Issuance of Subpoena

Defendant has filed a motion for leave to file a surreply. *See* Dkt. No. 91. The focus of the surreply is to respond to Plaintiff's representations that he submitted a call log showing that he made calls to Defendant's counsel. The Court will not consider the surreply and likewise will not resolve these collateral disputes between the parties.

The Court does not condone Plaintiff's failure to comply with the rules regarding conferring with opposing counsel, if such a conference did not occur, nor does the Court condone any sort of misrepresentation that such a conference did occur. But, in light of Plaintiffs' *pro se* status and of Plaintiff Demitri Brown's incarceration, the undersigned finds Plaintiff's failure to comply with local rules, if it occurred at all, to have not been willful, as he at least tried to make contact with defense counsel, even if not in the correct manner or unsuccessfully.

From this point forward, however, the Court expects Plaintiffs, despite any *pro se* status or incarceration, to comply with the Court's rules. In other words, before filing any motion on which a certificate of conference is necessary, Plaintiffs must make a good faith effort to confer with defense counsel and, if defense counsel cannot be reached by phone, must send a letter explicitly stating that it is Plaintiff's attempt to confer pursuant to the Local Rules.

All parties are also reminded that the conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties,

including *pro se* parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988). The conference requirement of Local Civil Rule 7.1 is not a sword to be used offensively, and it is not intended to multiply the disputes to be presented to the Court. At the same time, it is a requirement that this Court takes seriously and cannot be ignored or flouted by any counsel or *pro se* party.

With all of this in mind, the undersigned DENIES Defendant's Motion for Leave [Dkt. No. 91]. For the same reasons, the undersigned denies Plaintiff's Motion for Issuance of a Subpoena [Dkt. No. 96]. Whether these alleged conversations took place does not, under the circumstances here, affect the primary issue at hand that the Court wishes to address – the discovery disputes.

## Plaintiff's Motion to Compel

Plaintiff Demitri Brown ("Plaintiff" or "Brown") argues that Defendant has failed to properly respond to discovery requests and has unethically used discovery requests to prevent a ruling on the merits. *See* Dkt. No. 83 at 1. Overall, Plaintiff argues that the discovery requests at issue are relevant and Defendant's failure to properly respond was in bad faith so sanctions should be awarded. Plaintiff does specifically raise why he finds each response to be insufficient, and Defendant responds.

Plaintiff's First Set of Interrogatories

**Interrogatory No. 1**

Interrogatory No. 1 seeks the address of certain individuals. Plaintiff specifies in the Motion to Compel that he is seeking the address of Roberta Shields and argues that address is relevant because Ms. Shields is a defendant and a witness. *See* Dkt. No. 83 at 2. In its Responses to the interrogatories, Defendant did not provide the address of Ms. Shields and instead said service on her would not be proper because no personal jurisdiction existed. *See* Dkt. No. 38 at 16. In his Response to the Motion to Compel, Defendant states that Plaintiff can contact Ms. Shields through counsel and that Ms. Shields's counsel is Defendant's counsel of record. It is proper for Defendant to maintain that Ms. Shields may only be contacted through her attorney of record. *See* TEX. DISC. R. PROF'L CONDUCT 4.02; N.D. Tex. L.R. 83.8(e). But Defendant does not seem to dispute that Ms. Shields could have relevant knowledge. Therefore, Defendant's initial response to the interrogatory was deficient in that it did not provide contact information for Ms. Shields – even if through her counsel. Therefore, Plaintiff's Motion to Compel is GRANTED with respect to Interrogatory No. 1. Defendant must supplement his response to Interrogatory No. 1 to provide the contact information, even if only counsel of record, to Plaintiff by **April 16, 2014**.

**Interrogatory No. 2**

Interrogatory No. 2 seeks documentation that Defendant provided to the Patent and Trademark Office ("PTO") to support his claim that Plaintiff abandoned the trademark at issue. *See* Dkt. No. 83 at 2. Plaintiff argues that the information is

relevant because Defendant claims Plaintiff abandoned its mark. *See id.* at 3. Defendant responds that the information sought by Plaintiff can be obtained more easily from the PTO and, therefore, Plaintiff should obtain the information from the PTO, not Defendant, especially in light of the 10 years that have passed since the abandonment proceedings. *See* Dkt. No. 87 at 7.

Defendant claims that Plaintiffs' claims are barred because they have been previously litigated in cancellation proceedings related to the trademark at issue. *See* Dkt. No. 8 at 5. Because these reexamination proceedings, and specifically what was litigated and determined at the proceedings, are at issue, documents related thereto would be relevant. As Defendant points out, however, Plaintiff can just as easily obtain the requested documents from the PTO. *See* 37 C.F.R. § 1.11(d) ("All papers or copies thereof relating to a reexamination proceeding which have been entered of record in the patent or reexamination file are open to inspection by the general public, and copies may be furnished upon paying the fee therefor."). Because Plaintiff can obtain this information form a source that would more convenient and less burdensome than Defendant, who reports that, after almost 10 years, he no longer has much of the information, Plaintiff must attempt to obtain the information from the PTO. *See* FED. R. CIV. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"). Plaintiff's Motion to Compel in response to Interrogatory No. 2 is DENIED.

**Interrogatory No. 3**

Interrogatory No. 3 requests information related to the documentation that supports Defendant's sworn declaration to the PTO that no other person has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to likely cause confusion. *See* Dkt. No. 38 at 18. Defendant responds to this request on the same grounds as Interrogatory No. 2, *see* Dkt. No. 87 at 7, but, in his original responses, Defendant objected that it was unduly burdensome and oppressive because the referenced declaration was filed almost 10 years ago, *see* Dkt. No. 38 at 18. Plaintiff argues the request is relevant to his claim that Defendant knowingly made false statements to the PTO regarding the abandonment of Plaintiff's trademark. *See* Dkt. No. 83 at 3; Dkt. No. 1, Ex. 3 at 2.

The undersigned agrees with Plaintiff. The information sought by Plaintiff is relevant to his fraud claims, *see* Dkt. No. 1, Ex. 3 at 2, and to the cancellation of Plaintiff's trademark, an issue that Defendant has put into play, *see* Dkt. No. 8 at 5. Unlike the information requested in Interrogatory No. 2, this information could not be obtained from the PTO. Plaintiff's Motion to Compel is GRANTED with respect to Interrogatory No. 3. Defendant must supplement his response to Interrogatory No. 3 by **April 16, 2014**.

Second Set of Requests for Production

As an initial matter, Defendant seems to argue that it has agreed to produce responsive documents but only once Plaintiffs first supplemented their discovery responses. *See* Dkt. No. 87 at 7-8. Defendant cannot withhold relevant, responsive

documents and discovery responses on these grounds. *See Genentech, Inc. v. Trustees of Univ. of Pa.*, No. C 10-02037, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." (internal quotations and citations omitted)). To the extent that Defendant has objected to providing responsive documents or failed to "agree on a date and time for production" on the ground that Plaintiffs have not provided their discovery responses, Defendant's objection is overruled, and Plaintiff's Motion to Compel is GRANTED. Defendant must produce the relevant, responsive documents to Plaintiffs, or provide them with access to such documents as they are kept in the ordinary course of business, *see* FED. R. CIV. P. 34(b)(2)(E)(i), by **April 16, 2014**.

**Request for Production No. 5**

The only specific Request for Production discussed by Plaintiff is RFP No. 5, in which Plaintiffs seek all contracts involving Defendant Chris Bridges and Def Jam South. *See* Dkt. No. 83 at 4. Plaintiff argues that any such contracts are relevant because they could show Defendant's infringing use of the trademark in commerce, which is relevant to the likelihood of confusion analysis. *See id.* Defendant argues that the contract is not relevant and might contain confidential information, and it instead offered to produce an album cover featuring the Def Jam South and Disturbing Tha

Peace mark together. *See* Dkt. No. 87 at 8; Dkt. No. 83 at 20.

As an initial matter, Defendant's argument that it does not have to respond because no Protective Order is in place is without merit. At any time, Defendant, or Plaintiffs, may move for the entry of a Protective Order pursuant to Fed. R. Civ. P. 26 and can produce documents as confidential or attorneys' eyes only in accordance with any such Protective Order.

The only remaining issue is whether the contracts are relevant or the request is overbroad. One issue in trademark infringement cases is whether the parties operate in the same areas – that is, whether they directly compete. In making this analysis, courts and juries look to the similarity of the products offered, the purchasers, and the retailers. *See Oreck Corp. v. U.S. Floor Sys., Inc.*, 803 F.2d 166, 170-74 (5th Cir. 1986). It seems that contracts with a record label could be relevant to demonstrating that Defendant was using its mark in a manner, or with a company, similar to the way in which Plaintiff was using its mark. As such, the Court finds such information to be relevant.

As to over breadth, the Court agrees in part. The request is not limited in scope or time, and only those contracts related to the relevant trademark might lead to admissible evidence. Defendant stated that the contracts were from 10 years ago. As such, the Court will GRANT Plaintiff's Motion to Compel as to RFP No. 5 but will modify it so that Defendant is to produce any "contracts involving defendant, Christopher Bridges, and Def Jam South" that relate to the relevant trademark and are from 1999 to present by **April 16, 2014**.

<u>Third Discovery Requests</u>

Plaintiff argues that Defendant failed to respond to his Third Set of Discovery Requests. Defendant argues that Plaintiff filed his Motion to Compel prematurely and that he has now responded. Plaintiff argues that Defendant's responses were untimely and that Defendant failed to properly respond to any requests. Plaintiff offers up one example in his reply, *see* Dkt. No. 90 at 7-8, and Defendant has not had a chance to respond, nor did he attempt to in his proffered surreply. The undersigned will not consider Plaintiff's Motion to Compel the third discovery requests based on the information in front of it. The Court has no indication as to what was requested, to what extent Defendant replied or objected, or what Defendant produced. As such, Plaintiff's Motion to Compel responses to the Third Set of Discovery Requests is DENIED without prejudice.

## Motion for Sanctions

The federal rules mandate an award of fees and expenses against any party that necessitates a motion to compel where the motion is granted and was caused by the responding party's failure to produce documents responsive to discovery requests. *See* FED. R. CIV. P. 37(a)(5)(A). But the Court will not award fees and expenses if (a) the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, (b) the Court determines that the response of the non-moving party was substantially justified, or (c) other circumstances make an award of expenses unjust. *See id.*

The undersigned finds that the present circumstances do not warrant an award

of attorneys' fees or other sanctions. The Court acknowledges that Plaintiff did reach out and try to resolve the disputes. In fact, the parties' dispute over who called whom when does not change the simple fact that Plaintiff did reach out to Defendant's counsel in advance of filing the motion in an effort to resolve the disputes, *see* Dkt. No. 83 at 34-35, and Defendant nonetheless did not provide supplemental responses, and in fact, withheld responsive documents as a discovery tactic, *see id.* at 37-38; Dkt. No. 87 at 7.

Defendant did, however, provide the Court with arguments demonstrating that his responses and objections to Plaintiff's discovery requests were substantially justified in some instances. Indeed, while the Court granted some of Plaintiff's Motion to Compel, not all of Defendant's objections were overruled.

And no other circumstances make an award of expenses necessary. Even if the undersigned were to credit all of Plaintiff's allegations – which the undersigned does not because the Court need not resolve these collateral disputes between the parties – the undersigned still would not conclude that other, <u>relevant</u> circumstances make an award of expenses necessary, even in light of the fact that Defendant had an opportunity to be heard on Plaintiff's requests.

Plaintiff requests that Defendant be sanctioned or that Defendant's counterclaims be dismissed and discovery be declared complete. *See* Dkt. No. 83 at 5. In light of the fact that Plaintiff's Motion was not granted in its entirety and some of Defendant's objections were sustained, the Court will not award such sanctions or dismiss Defendant's claims.

**Conclusion**

Plaintiff's Motion to Compel Discovery Responses and for Sanctions [Dkt. No. 83] is GRANTED in part and DENIED in part. Defendant is ORDERED to comply with this order by **April 16, 2014**. Defendant's Motion for Leave [Dkt. No. 91] and Plaintiff's Motion for Issuance of a Subpoena [Dkt. No. 96] are DENIED.

SO ORDERED.

DATED: April 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE