IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMITRI BROWN AND DONNA EVANS-BROWN, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:12-cv-4947-P |
| CHRISTOPHER B. BRIDGES, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Christopher Bridges ("Defendant" or "Bridges") has filed a Motion for Sanctions against Plaintiffs Demitri Brown and Donna Evans-Brown ("Plaintiffs"). *See* Dkt. No. 53. District Judge Jorge Solis has referred this Motion for Sanctions to the undersigned magistrate judge. *See* Dkt. No. 56. Plaintiffs filed their response, *see* Dkt. No. 87, and Defendant filed a reply, *see* Dkt. No. 71. For the reasons explained below, Defendant's Motion for Sanctions [Dkt. No. 53] should be denied.

**Background**

Defendant's Motion for Sanctions is related to Plaintiffs' alleged failure to comply with this Court's August 26, 2013 Order, which required Plaintiffs to produce documents and information and fully answer interrogatories by September 17, 2013. *See* Dkt. No. 46 at 21. Defendant filed his Motion for Sanctions because he claims that Plaintiffs' supplemental responses and production were woefully deficient and failed to comply with the Court's August 26, 2013 Order. *See* Dkt. No. 53. But, before

-1-

Defendant filed his Motions for Sanctions, Plaintiff Demitri Brown filed a Motion for Reconsideration and Review of the August 26, 2013 Order, objecting to the undersigned's findings and requesting that Judge Solis reverse the findings. *See* Dkt. No. 52. While Plaintiff Brown's objections were being briefed and pending, Defendant's Motion for Sanctions was also briefed. On February 11, 2014, Judge Solis entered an order overruling all of Plaintiff's objections. *See* Dkt. No. 94.

As Defendant's Motion for Sanctions had been fully briefed and a cursory review of Plaintiffs' supplemental responses revealed some potential deficiencies, the undersigned invited Plaintiffs to file a Status Report, explaining how, if at all, their discovery responses had changed in light of Judge Solis's February 11, 2014 Order and provided Plaintiffs an opportunity to supplement their responses, if necessary. *See* Dkt. No. 99 at 2-3. Plaintiffs filed their Status Report, stating only that they have provided all documents in their possession and all other business documents "are located in Alexandria, Louisiana and are in the custody and control of Tanquela Veal ... [who] ... has agreed to allow defendants unlimited access to the tens of thousands of documents." *See* Dkt. No. 101 at 1. As such, the undersigned understands Plaintiffs to be standing on their current supplemental responses and production, as argued in the briefing on Defendant's Motion for Sanctions, and will consider those positions accordingly.

## Legal Standards

Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party or a party's officer, director, or managing agent – or a witness designated under [Federal Rule of

Civil Procedure] 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." But, when considering sanctions, the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

## Analysis

Defendant argues that, despite the Court's August 26, 2013 Order overruling all of Plaintiffs' objections to Defendant's discovery requests, Plaintiffs have failed to offer supplemental responses of any substance or withdraw their objections. *See* Dkt. No. 53 at 1-2. Defendant contends that Plaintiffs' supplemental interrogatory responses remain inadequate in several regards. These alleged deficiencies include Plaintiffs' failure to substantially supplement their responses with substantial information;

failure to identify responsive documents pursuant to Federal Rule of Civil Procedure 33; responses merely inviting Defendant to examine unspecified documents; and responses stating that they have no responsive documents or information. *See* Dkt. No. 53. Plaintiffs respond that Defendant requested virtually ever record ever made by Plaintiffs and that Plaintiffs have sufficiently responded by providing Defendant with access to every record. *See* Dkt. No. 60 at 3.

Interrogatories

*Interrogatory Nos. 1, 3-5, and 8-11*

Defendant argues that Plaintiffs' supplemental responses to these interrogatories are insufficient because they provide no supplemental "information of substance." Dkt. No. 53 at 3. In response to Interrogatory No. 1, Plaintiffs state that Defendant can obtain the information he wants from categories of documents that will be produced, and, in response to Interrogatory Nos. 3-5 and 8-11, Plaintiffs refer back to their response to Interrogatory No 1. *See* Dkt. No. 54 at 65-66. Defendant argues that these responses are insufficient because they do not affirmatively state any information and do not comply with Rule 33, which governs the use of documents to respond to interrogatories. *See* Dkt. No. 53 at 3-5.

Plaintiffs contend that their responses are sufficient. While Plaintiffs did supplement some of their responses and identify some of the types of documents that Defendant should review for responsive information, *see* Dkt. No. 54 at 65 (responding that Defendant should review "customer receipts, suppliers' invoices, vendor documents, checks, employees' paystubs, etc."), it is not readily apparent that such a

response specifies the records to be reviewed "in sufficient detail to enable [Defendant] to locate and identify them as readily as [Plaintiffs] could." FED. R. CIV. P. 33(d)(1); Dkt. No. 46 at 4. That said, Defendant has made no effort to review the documents proffered by Plaintiffs. It may very well be that the documents are organized by document type or are otherwise organized in a manner enabling Defendant to "locate and identify them as readily as [Plaintiffs] could." In other words, while Defendant complains of the sufficiency of the document responses, he offers no evidence to support his complaints.

In reaching this conclusion, the undersigned acknowledges one point that was not raised in any briefing or in the August 26, 2013 Order. Plaintiffs cannot simply open up a door to a warehouse of unorganized documents and meet their burden of responding to discovery requests. Rather, Plaintiffs must produce the documents either (1) as they were kept in the ordinary course of business, *see* FED. R. CIV. P. 34(b)(2)(E)(i), or (2) organize and label the documents to correspond with the discovery requests, *see id.; Fifth Third Bank v. KC II Insure Servs., LLC*, No. 11-CV-2101, 2011 WL 5920949, at *4 (D. Kan. Nov. 28, 2011). To prove they have complied with the first option and claim that the documents are stored in the same manner in which they were kept in the ordinary course of business, Plaintiffs must provide testimony, or some other evidence, to support their position. *See id.* If they fail to do so, they must comply with the second option and properly organize and label the documents. *See id.*

Because Defendant has not reviewed, or made any attempts to review, the documents, however, he cannot argue that the responses, as they stand, are deficient.

So long as Plaintiffs comply with Federal Rules of Civil Procedure 33(d) and 34(b)(2)(E)(i), as detailed above, their responses would comply with the law and the August 26, 2013 Order. It is not until Defendant tries to review the documents and is denied access or finds the documents do not comply with the Order and the Federal Rules, that this Court has grounds to sanction Plaintiffs for failing to comply with its Order.

Applying these standards to Defendant's specific sufficiency complaints, the undersigned makes the following findings. It is true that a response that Defendant should review "customer receipts, suppliers' invoices, vendor documents, checks, employees' paystubs, etc." might reveal some individuals in response to Interrogatory No. 1, seeking "all persons with knowledge of facts concerning this case," but this response does not confirm who all such individuals might be and whether all of them would be in that universe of documents. Assuming that the documents are appropriately organized and/or labeled, the response may be sufficient for interrogatories requesting ownership information, types of customer information, sales outlets, or trade channels. *See* Dkt. No. 54 at 9-11. Defendant cannot concretely state that the documents offered for review do not contain information responsive to those interrogatories in the identified categories because Defendant has made no effort to review the proffered documents.

As such, the undersigned agrees in part with Defendant's contentions. Plaintiffs may not simply point Defendant to tens of thousands of pages of documents, *see* Dkt. No. 101 at 1, but Defendant must make an effort to review the proffered documents to

determine whether they are in fact deficient. If Defendant attempts to review the documents and Plaintiffs do not provide Defendant with a substantial chance to do so, or the documents are not responsive or properly organized, Defendant may, at that time, re-urge his motion for sanctions, detailing why Plaintiffs' production was not compliant with the Federal Rules or the documents were not responsive.

Plaintiffs must, however, provide a more sufficient response to Interrogatory No. 1, either specifically identifying all responsive individuals or specifically identifying the documents that will provide such information to Defendant. The undersigned finds that Plaintiffs did supplement and respond to Interrogatory No. 1 but that more information is required. The undersigned recommends that the Court order Plaintiffs to definitely respond to Interrogatory No. 1 and either specifically identify all responsive individuals or specifically identify the documents that will provide such information to Defendant and that the Court order that this supplemental response must be provided to Defendants by 21 days from the date that Judge Solis enters an order adopting this recommendation.

For all of these reasons, the undersigned will not, at this time, recommend granting Defendant's motion for sanction of dismissal of Plaintiffs' claims based on Plaintiffs' responses to Interrogatory Nos. 1, 3-5, and 8-11.

*Interrogatory Nos. 2, 6, 14, 16, and 17*

Defendant argues that Plaintiffs' supplemental responses state only that Plaintiffs have no "other" information and that these responses are deficient because Plaintiffs' original responses contained no substantive information. *See* Dkt. No. 53 at

5-6. Defendant argues that "Plaintiffs have deliberately chosen to be coy ... and not truthfully respond to these requests." *Id.* at 6.

The undersigned agrees that it is highly unlikely that Plaintiffs have no substantive information for some of these interrogatories. For instance, the undersigned finds it hard to believe that Plaintiffs have had no internal communications regarding the instant lawsuit, have never had any press releases or internal reports about their trademark, have no facts supporting their allegation that Defendant's mark injured Plaintiffs in Texas, or have no information regarding the damages they have suffered. *See* Dkt. No. 54 at 52-56, 65-66. And, with respect to Interrogatory No. 14, Plaintiffs need to either identify the individuals or entities that are the subject of this interrogatory, or if no such individuals or entities exist, so state. *See id.* at 55, 66.

If Plaintiffs continue to contend, however, that they simply do not have any information regarding these requests, the Court cannot make them respond with information they do not have. The undersigned warns Plaintiffs that if they wish to present more particular evidence of their claims at trial or in support, or defense, of a dispositive motion, prudence, at the least, would counsel them to provide the information now, before dispositive motion briefing or trial begins. Courts have held that failure to do so has various consequences, including possible exclusion of the evidence at trial. *See, e.g.*, FED. R. CIV. P. 37(c); *CQ, Inc. v. TXU Mining Co.,* 565 F.3d 268, 280 (5th Cir. 2009). Therefore, if, for example, in response to a summary judgment motion filed by Defendant, Plaintiffs try to provide evidence to support a claim for

-8-

damages, no such evidence could be permitted if it could have been supplied in response to Interrogatory No. 16. Plaintiffs must also unequivocally state that they do not have responsive information, or they must provide responsive information.

Because a lesser sanction exists – that of excluding later-disclosed evidence – the undersigned will not, at this time, recommend granting Defendant's motion for sanction of dismissal of Plaintiffs' claims based on Plaintiffs' responses to Interrogatory Nos. 2, 6, 14, 16, and 17.

That said, Plaintiffs should be required to confirm that they are in fact stating they have no responsive information, at all, in response to these interrogatories. The undersigned recommends that the Court order Plaintiffs to definitely respond to Interrogatory Nos. 2, 6, 14, 16, and 17 and either provide Defendant with the responsive information or unequivocally state that they have no responsive information and that the Court order that these supplemental responses must be provided to Defendants by 21 days from the date that Judge Solis enters an order adopting this recommendation.

*Interrogatory Nos. 15 and 18*

Defendant argues that Interrogatory No. 15 is deficient because Plaintiffs failed to identify who provided information for each interrogatory response. Defendant is correct. The undersigned notes, however, that Defendant did not previously argue that Plaintiffs' response was deficient, *see* Dkt. No 28; Dkt. No. 35, nor did this Court order Plaintiffs to further respond to it. Plaintiffs, however, did not object to the interrogatory on any grounds, *see* Dkt. No. 54 at 56, so any objections would now be

waived, *see* FED. R. CIV. P. 33(b)(4).

Thus, the undersigned recommends that the Court order Plaintiffs to fully respond to Defendant's Interrogatory No. 15, providing Defendant with not only those individuals who responded to the interrogatories but also include the topics of knowledge contributed by or to each such individual and that the Court order that this supplemental response must be provided to Defendants by 21 days from the date that Judge Solis enters an order adopting this recommendation. But, because the August 26, 2013 Order did not order Plaintiffs to further respond to Interrogatory No. 15, the undersigned concludes that Defendant's motion for sanction of dismissal cannot be granted based on Plaintiffs' response to Interrogatory No. 15.

With respect to Interrogatory No. 18, Defendant again argues, in essence, that Plaintiffs have not responded with the full extent of the information that they know. As stated above, if Plaintiffs contend that they simply do not have any additional information regarding this request, the Court cannot make them respond with information they do not have. The Court can, however, remind Plaintiffs that they are bound by their responses and that they will not be permitted, at trial, or in support or defense of a dispositive motion, to alter their response and rely on or provide responsive information. *See, e.g.*, FED. R. CIV. P. 37(c); *CQ, Inc.*, 565 F.3d at 280. Because a lesser sanction exists – that of excluding later-disclosed evidence – the undersigned will not, <u>at this time</u>, recommend granting Defendant's motion for sanction of dismissal of Plaintiffs' claims based on Plaintiffs' responses to Interrogatory No. 18.

That said, Plaintiffs should be required to confirm that they are in fact stating they have no responsive information, at all, in response to Interrogatory No. 18. The undersigned recommends that the Court order Plaintiffs to definitely respond to Interrogatory No. 18 and either provide Defendant with the responsive information or unequivocally state that they have no responsive information and that the Court order that this supplemental response must be provided to Defendants by 21 days from the date that Judge Solis enters an order adopting this recommendation.

<u>Requests for Production</u>

With respect to Defendant's initial complaint – that merely inviting Defendant to come review documents is not a sufficient response – the undersigned agrees but not for the reasons stated in Defendant's Motion for Sanctions. As explained above, Plaintiffs, as the producing party, have the burden of demonstrating that the documents, although in storage, are being produced in the ordinary course of business. *See* FED. R. CIV. P. 34(b)(2)(E)(i). That is, Plaintiffs cannot simply open a warehouse door to a storage pile of unorganized documents. Plaintiffs must prove they have kept the documents in storage in the same manner as they were kept in the ordinary course of business, through testimony or some other evidence. *See Fifth Third Bank*, 2011 WL 5920949, at *4. If that evidence is not available or provided, Plaintiffs can only fulfill their obligation if they organize and label the documents to correspond with the document requests. *See id.*

Defendant has made no attempt to review the documents, so he cannot support, with evidence, a claim that Plaintiffs have not met their discovery obligations. Thus,

the undersigned cannot recommend granting Defendant's motion for sanction of dismissal on the record currently in front of the Court. But, if Defendant attempts to review the documents and is not permitted to do so, or finds the documents are not prepared as required by the Court's order and Federal Rules, he may then have grounds for additional sanctions against Plaintiffs.

Thus, the undersigned recommends that, if Plaintiffs have not done so, the Court order Plaintiffs to organize their documents in the manner required under the law – by organizing and labeling them or providing something more than a bare, unsubstantiated statement that they were stored in the same manner as in the usual course of Plaintiffs' business while it was in operation – by 21 days from the date that Judge Solis enters an order adopting this recommendation. The undersigned further recommends that the Court warn Plaintiffs that, if Plaintiffs do not do so, they will be in violation of the Court's order.

With respect to Defendant's arguments that Plaintiffs cannot respond they have no responsive documents, *see* Dkt. No. 53 at 8-9, the Court disagrees. While Defendant argues that such statements are not truthful, he offers no evidence, other than common sense, to support his position. The undersigned agrees that Plaintiffs' statements seem to test the bounds of credibility but cannot say that they are untrue without more evidence. If Plaintiffs wish to present more particular evidence of their claims at trial or in support, or defense, of a dispositive motion, prudence, at the least, would counsel Plaintiffs to provide information for Defendant before dispositive motion briefing or trial begins. *See* FED. R. CIV. P. 37(c); *CQ, Inc.*, 565 F.3d at 280. In fact, Defendant

demonstrates in his Motion for Sanctions how Plaintiffs' claims with respect to their lack of evidence could hinder their ability to proceed on many of their claims. *See* Dkt. No. 53 at 8.

But it is in the context of a dispositive motion that Defendant will make, and the Court will rule on, these arguments. Because a lesser sanction exists – that of excluding later-disclosed evidence – the undersigned will not, <u>at this time</u>, recommend granting Defendant's motion for sanction of dismissal of Plaintiffs' claims based on Plaintiffs' responses to the requests for production.

The undersigned has reviewed the cases on which Defendant relies in making his request for sanctions. In *Coane*, *see* Dkt. No. 53 at 9-10, the facts are somewhat distinguishable. There, the plaintiff was also a practicing attorney, who thwarted the actions of his attorneys trying to comply with court orders, and, moreover, the court found his conduct to suggest "unprofessional and improper motives." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit commented repeatedly on Coane's status as a lawyer in affirming the sanctions against him. *See id.* at 1033-34. While the *Hornbuckle* decision states the proposition relied on by Defendant, *see* Dkt. No. 53 at 10, the court nonetheless found that the district court erred in dismissing the case without making express findings as to whether lesser sanctions would be appropriate, *see Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984).

By distinguishing these decisions, the undersigned does not mean to suggest that additional sanctions against Plaintiffs will never be warranted. The undersigned

acknowledges that it warned Plaintiffs of a potential that their claims may be dismissed for failing to comply with Court Orders, *see* Dkt. No. 99 at 4, and that the Court has already sanctioned Plaintiffs, *see* Dkt. No. 46. The undersigned also recognizes, however, that the Court did not explicitly inform Plaintiffs of their obligations to organize documents as they would be found in the ordinary course of business, did not require Defendant to demonstrate why Plaintiffs' proffered documents were deficient, and did not require Plaintiffs to further respond to Interrogatory No. 15. *See* Dkt. No. 46.

If Judge Solis adopts these recommendations and imposes these requirements and further clarifies Plaintiffs' requirements for responding to Defendant's discovery requests, it is possible that no lesser sanctions will constitute any real threat to Plaintiffs if Plaintiffs fail to comply. The undersigned therefore recommends that the Court warn Plaintiffs that, if they have not provided Defendant with all of the responses laid out above in the manner required, any such repeated failures to comply with discovery orders will result in harsher sanctions, including the possible dismissal of their claims against Defendant. *See* FED. R. CIV. P. 37.

## Recommendation

Defendant's Motion for Sanctions seeking the dismissal of Plaintiffs' claims and an entry of default judgment as to Defendant's counterclaims should be denied without prejudice. But the Court should order the following, with which Plaintiffs must comply by 21 days from the date that Judge Solis enters an order adopting this recommendation:

-14-

1.  Plaintiffs must provide a more sufficient response to Interrogatory No. 1, either specifically identifying all responsive individuals or specifically identifying the documents that will provide such information to Defendant;

2.  Plaintiffs must definitely respond to Interrogatory Nos. 2, 6, 14, 16, and 17 and either provide Defendant with the responsive information or unequivocally state that they have no responsive information;

3.  Plaintiffs must fully respond to Defendant's Interrogatory No. 15, providing Defendant with not only those individuals who responded to the interrogatories but also include the topics of knowledge contributed by or to each such individual;

4.  Plaintiffs must definitely respond to Interrogatory No. 18 and either provide Defendant with the responsive information or unequivocally state that they have no responsive information; and

5.  Plaintiffs must, if they have not done so, organize their documents in the manner required under the law – by organizing and labeling them or providing something more than a bare, unsubstantiated statement that they were stored in the same manner as in the usual course of Plaintiffs' business while it was in operation.

The undersigned further recommends that the Court warn Plaintiffs that, if Plaintiffs do not comply with the above obligations, they will be in violation of the Court's order and subject to harsher sanctions, including the possible dismissal of their claims against Defendant. *See* FED. R. CIV. P. 37.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-16-