IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMITRI BROWN AND DONNA EVANS-BROWN, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:12-cv-4947-P |
| CHRISTOPHER B. BRIDGES, ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

Plaintiff Demitri Brown has filed another Motion to Compel Discovery Responses and for Sanctions (the "Second Motion to Compel"). *See* Dkt. No. 111. Judge Solis has referred this Motion to Compel to the undersigned magistrate judge. *See* Dkt. No. 112. Defendant Chris Bridges ("Defendant") filed his brief in opposition, *see* Dkt. No. 115, and Plaintiff Demitri Brown filed a reply, *see* Dkt. No. 120.

Plaintiff "moves to compel Defendants to properly respond to plaintiff's Third Set of Interrogatories and Request for Production of Documents/Records." Dkt. No. 111 at 1. But Plaintiff has not submitted Defendant's responses to those discovery requests for the Court's consideration or explained what is deficient in the responses other than to report that, "[e]ven after allowing defendants months to respond, defendants have not produced a single record requested." *Id.* Based on the same general allegations of fraud and unethical behavior that are the hallmark of too many of the filings in this case, Plaintiff asserts that Defendants should be sanctioned in the amount of "$3

million to prevent defendants from continuing to make a mockery of the judicial system." *Id.* at 2.

Defendant Christopher Bridges responds by pointing out these deficiencies in Plaintiff's Second Motion to Compel and by explaining that, "[a]s stated in his responses to each of T.D. Brown's third set of documents requests, however, Bridges has always made available documents for inspection and copying at his counsel's office." Dkt. No. 116 at 2. The issue of whether that is a permissible response under Federal Rule of Civil Procedure 34 is also the subject of Plaintiff Demitri Brown's pending Motion for Sanctions [Dkt. No. 108] regarding Defendant's compliance with this Court's April 2, 2014 Memorandum Opinion and Order on Plaintiff's Motion to Compel Discovery Responses and for Sanctions [Dkt. No. 106] and will be addressed in a separate order or findings, conclusions, and recommendation on that motion.

But Plaintiff's Second Motion to Compel fails to comply with Federal Rule of Civil Procedure 37(a)(1) and the Court's Local Civil Rules, which require a certificate of conference "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); N.D. TEX. L. CIV. R. 7.1(a), (b), (h). And this Court's April 2, 2014 Memorandum Opinion and Order on Plaintiff's Motion to Compel Discovery Responses and for Sanctions [Dkt. No. 106] expressly addressed the conference requirement:

> The Court does not condone Plaintiff's failure to comply with the rules regarding conferring with opposing counsel, if such a conference did not occur, nor does the Court condone any sort of misrepresentation that

> such a conference did occur. But, in light of Plaintiffs' *pro se* status and of Plaintiff Demitri Brown's incarceration, the undersigned finds Plaintiff's failure to comply with local rules, if it occurred at all, to have not been willful, as he at least tried to make contact with defense counsel, even if not in the correct manner or unsuccessfully.
>
> From this point forward, however, the Court expects Plaintiffs, despite any *pro se* status or incarceration, to comply with the Court's rules. In other words, before filing any motion on which a certificate of conference is necessary, Plaintiffs must make a good faith effort to confer with defense counsel and, if defense counsel cannot be reached by phone, must send a letter explicitly stating that it is Plaintiff's attempt to confer pursuant to the Local Rules.
>
> All parties are also reminded that the conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including *pro se* parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988). The conference requirement of Local Civil Rule 7.1 is not a sword to be used offensively, and it is not intended to multiply the disputes to be presented to the Court. At the same time, it is a requirement that this Court takes seriously and cannot be ignored or flouted by any counsel or *pro se* party.

Dkt. No. 106 at 2-3.

The Court will not entertain a motion that complains of Defendant's failing to obey the Court's orders when the motion itself ignores the requirements of the governing rules and the Court's prior order directed at Plaintiff.

And, unlike Plaintiff's prior motion to compel, *see* Dkt. No. 83, Plaintiff failed to specifically address the discovery requests and responses at issue. Plaintiff provided more particular arguments in his reply, *see* Dkt. No. 120, but that is too little, too late where arguments should not be made for the first time in a reply, *see Cavazos v. JP Morgan Chase Bank, N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'[a]rguments raised

for the first time in a reply brief, even by pro se litigants ... are waived'" (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir.2005)) (omission in original)); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments or evidence raised in reply brief); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply").

If Plaintiff has a legitimate complaint with Defendant's responses to properly served discovery requests, Plaintiff must present the deficiencies in Defendant's responses in a properly supported and briefed motion to compel that complies with the rules and this Court's orders.

Without stating any position on the propriety of Defendant's responses to plaintiff's Third Set of Interrogatories and Request for Production of Documents/Records, the Court DENIES Plaintiff Demitri Brown's Motion to Compel Discovery Responses and for Sanctions [Dkt. No. 111] without prejudice.

SO ORDERED.

DATED: June 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE