IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEMITRI BROWN, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 12-CV-4947-P |
| | § | |
| **CHRISTOPHER B. BRIDGES, et al.,** | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 1, 2014, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation ("FCR") in which he recommended that the Court (1) deny Plaintiff's Motion for Sanctions (doc. 108) and Defendant's Motion for Plaintiffs to be Held in Civil Contempt (doc. 109); (2) order Plaintiffs[1] to pay Defendant[2] $19,342.00 in fees and costs within twenty-one days with a warning that failure to do so will result in an order to show cause why the Court should not hold them in contempt or otherwise sanction them; (3) order Defendant to serve an additional supplemental response to an interrogatory seeking a description of certain documents (Interrogatory 3);[3] (4) order Defendant to provide a declaration addressing efforts to identify documents to be described

---

[1] Plaintiffs, Demitri Brown (also known as Timothy Demitri Brown) and Donna Evans-Brown, are husband and wife. For purposes of this order, the Court will use "Plaintiff" or "TD Brown" to refer to Plaintiff Demitri Brown alone and "DE Brown" to refer to Donna Evans-Brown alone.

[2] The Court uses "Defendant" to refer to Defendant Christopher Bridges alone.

[3] Interrogatory 3 asks Defendant to "Describe in detail the documentation (written, oral, electronic, or otherwise) that supports [Defendant's] sworn declaration to the Patent and Trademark Office [("PTO")] that no other person has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely to cause confusion." (*See* Ex. A attached to Pl.'s Mot. Compel Discovery Resps. & for Sanctions, doc. 83; Def.'s Supp. Resps., attached to Pl.'s Mot. for Sanctions, doc. 108.) Defendant's supplemental response states that he "is unable to locate any documents in his possession, custody, or control that may have existed in support of his referenced declaration to the USPTO at the time such declaration was made. Therefore, [Defendant] cannot describe any such documentation." (*See* Def.'s Supp. Resps.)

in response to Interrogatory 3; (5) order Defendant to produce copies of documents that are responsive to Plaintiffs' Second Set of Requests for Production ("Second Requests") or otherwise make the copies available to Plaintiffs at their respective locations; and (6) warn Defendant that future failures to comply with a court order may subject him to sanctions. (*See* FCR, doc. 125.) Defendant timely objected to the recommendation. (*See* Def.'s Obj'n to FCR [hereinafter Obj'ns], doc. 130.) He urges the Court to adopt his objections rather than the FCR. (*Id.* at 3.) Plaintiff responded to the objections and urges the Court to impose sanctions for that filing. (*See* Pl.'s Resp. Def.'s Obj'n [hereinafter Resp.], doc. 138.) For the reasons that follow, the Court accepts the FCR, after reviewing all relevant matters of record, including the FCR, the filed objections, and the response to the objections, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72.

## I. AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1) of Title 28 of the United States Code grants magistrate judges authority to consider and handle both non-dispositive and dispositive pretrial matters, subject to different standards of review by a district court judge. Section 636(b)(1)(A) permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

2

Section 636(b)(1)(B) permits district judges to refer dispositive matters to a magistrate judge for issuance of proposed findings of fact and recommendations for disposition.[4] The statute provides for the filing of written objections to proposed findings and recommendations and for a de novo determination of matters "to which objection is made." Objections asserted in accordance with this provision serve "to narrow the dispute" and enable district judges "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 & n.6 (1985). And § 636(b)(1) "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149. Nevertheless, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

Like § 636(b)(1), Fed. R. Civ. P. 72 recognizes that the authority of magistrate judges and the corresponding review by the district court ultimately depend on whether the referred matter is properly characterized as dispositive or non-dispositive. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). This distinction has constitutional significance because the Constitution of the United States "requires that Article III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters." *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W. Va. 2004) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988) (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980))). Given the constitutional

---

[4]Section 636(b)(1)(B) also addresses applications for post-trial relief filed by individuals convicted of a criminal offense and prisoner actions challenging conditions of confinement. But those matters are not relevant to the instant case.

concerns about magistrate judges making dispositive rulings, courts do not confine application of § 636(b)(1)(B) to the eight listed motions; they instead key their review "to the underlying considerations of the dispositive-nondispositive dichotomy." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 (3d ed. 2014). Consequently, when a referred matter is "not among the listed exceptional motions, the lenient 'clearly erroneous or contrary to law' standard of Section 636(b)(1)(A) would be applied so long as the judge did not conclude that the motion was nevertheless dispositive." *Id.*

Rule 72 provides further guidance as to reviewing both dispositive and non-dispositive pretrial rulings of magistrate judges. Parties have fourteen days to object to either type of ruling. *See* Fed. R. Civ. P. 72(a) and (b)(2). For non-dispositive matters, Rule 72(a) mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." For dispositive matters, Rule 72(b)(3) provides for a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to." While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Rule 72(a) and § 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Over the years, courts have noted the following princi-

ples of review:

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* (quoting *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009) while omitting citations and internal quotation marks); *accord Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994).

Because "a magistrate judge may not seek out work or expand his or her role beyond that assigned by the district judge . . . the starting point in any analysis of an action by a magistrate judge is the scope of the specific referral to that magistrate judge by the district court." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). In this case, the reference order does not limit the authority of the magistrate judge. (*See* Electronic Order Referring Motion, doc. 112.) That order merely states that the two sanction motions (docs. 108 and 109) and a motion to compel with accompanying request for sanctions (doc. 111) were referred to the magistrate judge. (*See id.*) In such instances, the authority of the magistrate judge regarding the referred motions is not constrained by the order of reference.

By issuing an FCR on the two sanction motions, the assigned magistrate judge proceeded cautiously and considered that portion of the referral as arising under § 636(b)(1)(B), which prompts

5

a de novo determination of those portions of the FCR to which objection is made.[5] The district court, however, is not required to apply the more stringent review merely because the magistrate judge has issued a recommendation. *See Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794-96 (S.D. W. Va. 2004) (recognizing that despite the magistrate judge's issued findings and recommendation, the proper review is for clear error under Rule 72(a)). The proper standard of review instead results from the nature of the matter referred.

Both referred motions address sanctions stemming from the discovery process. Plaintiff moved for hefty monetary sanctions ($2,000,000) and dismissal of defendants' claims with prejudice for alleged failures of defendants to satisfy discovery obligations. (*See* Doc. 108 at 2.) Defendant moved to hold Plaintiffs in civil contempt pursuant to Fed. R. Civ. P. 37(a)(5)(A) for their failure to pay fees and expenses as previously directed in this case. (*See* Doc. 109 at 1-3.) The Fifth Circuit has recognized that a monetary sanction imposed pursuant to Fed. R. Civ. P. 37 is reviewed under § 636(b)(1)(A) for clear error or to determine whether the sanction is contrary to law. *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam). And when a district court refers a motion for sanctions, "the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b)" supplies the proper standard of review. *Segal*, 303 F. Supp. 2d at 794; *but see Tilyard v. O'Reilly Auto Parts, Inc.*, No. 1:11-CV-236, 2012 WL 5250534, at *1 n.1 (M.D.N.C. Oct. 24, 2012) (disagreeing with *Segal* and considering a motion for sanctions seeking dismissal as one that § 636(b)(1)(A) precludes the district courts from referring to a magistrate judge for disposition because it is a motion "to

---

[5]In contrast, the Magistrate Judge issued a Memorandum Opinion and Order (doc. 122) to deny the motion to compel (doc. 111) without prejudice for failure of Plaintiff to provide the discovery requests at issue or to certify compliance with conference requirements.

6

involuntarily dismiss an action"). While at least one circuit views motions for sanctions as dispositive regardless of the sanction sought, *see Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996); *Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 428-31 (N.D. Ill. 2012) (following *Retired Chicago Police Ass'n* after noting conflicting decisions from other circuits), "[t]he better reasoned cases conclude that the issue of . . . sanctions is a non-dispositive matter subject to clearly erroneous review under Rule 72(a), unless the nature of the sanction imposed, *i.e.*, dismissal of the offending claim or defense, is itself dispositive of the claim or defense," *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 305 (E.D. Va. 2004) (citing *Segal* among other cases).[6] "To conclude otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." *Segal*, 303 F. Supp. 2d at 794; *but see Tilyard*, 2012 WL 5250534, at *1 n.1 (disagreeing with *Segal*).

In this instance, the Magistrate Judge found no reason to sanction any party based on the two motions then pending before him. He recommended that the Court deny the motions, order the parties to comply with their obligations as previously directed but with additional time to comply, and warn Defendant that sanctions may be imposed for any future non-compliance with a court order. Nothing in the FCR disposes of a claim or defense of any party. Nothing in the FCR invites review under 28 U.S.C. § 636(b)(1)(B) or Fed. R. Civ. P. 72(b). The Magistrate Judge found the harsh sanction of dismissal unwarranted and the motions should be characterized as non-dispositive. Accordingly, the Court reviews the findings and recommendation of the Magistrate Judge to deter-

---

[6]For an interesting discussion regarding whether sanctions under Fed. R. Civ. P. 11 are dispositive or non-dispositive compare the concurring opinions in *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010). In his concurring opinion, Judge Cabranes limited his discussion to Rule 11 sanctions. *See* 592 F.3d at 84-90 & n.10. On the other hand, Judge Leval's concurring opinion provides a detailed analysis of the standard of review in the general context of motions for sanctions and discusses the implications of amendments to 28 U.S.C. § 636 in 2000. *See id.* at 90-105.

mine whether any factual component of the FCR is clearly erroneous or whether the legal conclusions are contrary to law.

## II. BACKGROUND

This case has a long and tortured history. The parties simply do not get along well. Both Plaintiff and Defendant appear prone to seek sanctions at every opportunity. Their acrimonious relationship has polluted this case with multiple discovery disputes, requests for sanctions, and assorted motions. The various disputes and motion practice, including the pendency of the objections addressed herein, has caused the Court to stay discovery and further filings pending resolution of the matters currently before the Court.[7] (*See* Order Granting Mot. Stay, doc. 173.)

At their essence, the two referred motions seek sanctions for failures to comply with court-imposed obligations. The Court ordered Plaintiffs to pay Defendant $19,342.00 in fees and costs incurred on a prior successful motion to compel. (*See* Order on Attorneys' Fees & Costs, doc. 105.) Plaintiffs jointly opposed the motion to compel unsuccessfully, (*see* Order, doc. 46), and TD Brown alone unsuccessfully sought reconsideration and review of that order, (*see* Order, doc. 94). In upholding the ruling on the motion to compel, the undersigned District Judge specifically found it proper to award fees under Fed. R. Civ. P. 37. (*See id.* at 4.) After receiving filings relevant to the fee issue, the Magistrate Judge calculated the reasonable expenses incurred on the motion to be $19,342.00 and ordered Plaintiffs to pay that amount by May 1, 2014. (*See* Doc. 105 at 2-8.) When they failed to pay the fees and costs, Defendant moved for additional sanctions on May 2, 2014. (*See* Doc. 109.)

In addition to other matters not pertinent here, the Magistrate Judge also ordered Defendant

---

[7]The stay order has prompted Plaintiff to seek clarification of the order. (*See* Mot. Clarification, doc. 174.)

to (1) supplement his response to Interrogatory 3; (2) produce relevant documents responsive to Plaintiffs' Second Requests "or provide them with access to such documents as they are kept in the ordinary course of business;" and (3) produce certain contracts identified by the Magistrate Judge. (*See* Doc. 106 at 4, 6-8.) And the Magistrate Judge ordered Defendant to comply by April 16, 2014. (*See id.* at 11.) Plaintiff moved for sanctions on April 29, 2014, when Defendant failed to comply with that order to his satisfaction. (*See* Doc. 108.)

After considering the motions for sanctions and relevant briefing, the Magistrate Judge issued the FCR that is now before the Court. That FCR prompted Defendant's objections and Plaintiff's response to them. With this background in mind, the Court proceeds to consider the FCR, the objections, and other relevant filings.

### III. ANALYSIS

Neither plaintiff has objected to the FCR. Although Defendant objects to the FCR, his filing appears primarily geared toward stating his belief that this action is frivolous and pursued merely to harass him. But he does object to (1) finding that the record does not support dismissing Plaintiffs' claims and entering default judgment on his counterclaim, (2) finding good cause to provide Plaintiffs additional time to pay the fees and costs owed, (3) ordering him to supplement his response to Interrogatory 3, and (4) ordering him to produce documents at Plaintiffs' respective locations. In essence, he disagrees with the manner in which the Magistrate Judge chose to handle the motions.

With respect to his motion, Defendant wants the Court to immediately issue sanctions – whether severe or lesser ones permitted by Fed. R. Civ. P. 37 – or immediately issue a show cause order as to why sanctions should not be entered. And he adamantly opposes providing Plaintiffs more time to comply with their obligation to pay nearly $20,000 in fees. With respect to Plaintiff's

9

motion, he argues that the Court should not order him to serve an additional response to Interrogatory 3. Defendant also expresses concerns about (1) delays caused by the various discovery disputes, (2) the motion practice of Plaintiff, and (3) confidentiality of produced documents. He thus requests that the Court conduct a telephone hearing regarding the confidentiality concerns rather than compelling him to produce responsive documents within fourteen days. Plaintiff generally disagrees with the objections and requests the Court to sanction Defendant for objecting.

Defendant has not shown any factual finding of the Magistrate Judge clearly erroneous. Nor has he shown any legal conclusion to be contrary to law. Under the deferential review envisioned by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court finds no basis to reject or modify any aspect of the FCR. The Court would make the same finding, furthermore, even under the de novo review of § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Moreover, the choice to sanction and the sanction to be imposed, if any, are essentially matters of the Court's sound discretion. *See Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 801 (N.D. Tex. 2011). The Magistrate Judge did not abuse his discretion in recommending denial of the sanction motions or in making any of his recommendations with respect to those motions. The Court overrules Defendant's objections to the FCR.

As recommended by the Magistrate Judge, the Court denies Plaintiff's Motion for Sanctions (doc. 108) and Defendant's Motion for Plaintiffs to be Held in Civil Contempt (doc. 109). And on or before February 20, 2015, Plaintiffs shall pay Defendant Bridges the fees and costs ($19,342.00) previously imposed in this action and submit proof of payment to this Court. In September 2013, prior to the Court's calculation of the specific fee amount, Plaintiffs stated that they did "not have the money on hand to pay these extraordinary fees." (*See* Pls' Resp. Def.'s Mem. Resp. Court's Order Awarding him Attorney's Fees and Expenses, doc. 55.) Plaintiffs have had more than a year

since that statement – and more than six months since the filing of the FCR now before the Court – to secure funds to pay the imposed fees. Nevertheless, providing an additional twenty-one days does not appear unreasonable. If Plaintiffs fail to timely comply with this order or show cause why they cannot comply, the Court may impose additional sanctions up to and including dismissing their claims, monetary sanctions payable to the Court, filing restrictions, and/or holding Plaintiffs in contempt.

Similarly, on or before February 13, 2015, Defendant shall (1) serve an additional supplemental response to Interrogatory 3, (2) provide a declaration addressing efforts to identify documents to be described in response to Interrogatory 3, and (3) make available relevant, responsive documents to Plaintiffs as recommended by the Magistrate Judge. Despite Defendant's protestations to the contrary, the Magistrate Judge is absolutely correct that Interrogatory 3 is reasonably construed as going beyond the documents that existed when Defendant made his declaration to the PTO. Defendant apparently interprets the interrogatory as asking for information that Defendant "used to support" the declaration to the PTO, whereas the interrogatory itself is in the present tense: "Describe in detail the documentation . . . that supports [Defendant's] sworn declaration to the [PTO] that no other person has the right to use the mark in commerce." As the Magistrate Judge recognizes, the relevant declaration was made in November 2002 by legal counsel that no longer represents Defendant. The passage of time and the changed representation understandably hinder Defendant's ability to respond to the interrogatory. But while at the time Defendant may have supported his declaration with specific documentation, that fact does not preclude the possibility that he knows of other documentation that supports the declaration. Of course, if only documentation from 2002 supports the declaration, then Defendant has no obligation to describe other documentation. But his supplemental

response should unambiguously state that he has described all known documentation that supports the declaration. And the provided declaration should provide sufficient additional detail regarding the efforts taken to identify the documents sought to be described by Interrogatory 3.

With respect to the Magistrate Judge's order regarding production of documents, Defendant believes that the issue can be resolved by a telephone hearing. While in some circumstances a telephone hearing may resolve discovery disputes, the Magistrate Judge has already issued his ruling and recommended that the Court order compliance in lieu of issuing sanctions. This case, moreover, does not lend itself to telephonic hearings given the incarceration of Plaintiff. The Magistrate Judge has properly recognized that such incarceration may alter certain aspects of this case. As recommended, the Court hereby orders Defendant to produce copies of documents responsive to the Second Requests or otherwise make copies available to Plaintiffs at their respective locations.[8] In a contemporaneous order, the Court addresses Defendant's offer to make the documents available through a secure online viewing platform and his request for an order to protect the confidentiality of produced documents. The production ordered herein is subject to the protective order entered in the contemporaneous order.

The Magistrate Judge also recommends that the Court warn Defendant that future failures to comply with a court order may subject him to sanctions. That admonition appears particularly warranted given the circumstances surrounding the motions for sanctions addressed by the Magistrate Judge. In remarkable candor, Defendant states that he "has, at every reasonable opportunity, attempted to bring Plaintiffs' abusive behavior to the Court's attention with the aim that the Court

---

[8] According to the addresses provided by Plaintiffs, DE Brown is located in Dallas, Texas, and TD Brown is incarcerated in a federal prison in Florence, Colorado.

will enter severe sanctions and bring a definitive end to this baseless suit." (Obj'ns at 2-3.) Consequently, Defendant has taken a hard-line stance with respect to discovery. But discovery is intended to be an effort of cooperation between parties. *See High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2012 WL 234024, at *5 (D. Kan. Jan. 25, 2012). Parties are expected to cooperate even when they dislike each other. Zealous advocacy does not trump an attorney's "professional obligation to conduct discovery in a diligent and candid manner." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (quoting The Sedona Conference Cooperation Proclamation (2008)). Cooperation enhances, rather than conflicts with, a client's interests. *Id.* The "twin duties" of cooperation and advocacy conflict only when attorneys "confuse advocacy with adversarial conduct." *Id.* In general, conducting discovery with a pro se party often presents special difficulties. And the difficulties are even more pronounced when the adversary proceeds without counsel while incarcerated. But neither the absence of an attorney for the adversary nor the incarcerated status of a party eliminates the duty to cooperate. Furthermore, when an attorney or represented party sets a poor example for a pro se litigant, it encourages the less legally-sophisticated party to follow the lead shown by his adversary. Given the circumstances now before it, the Court hereby warns Defendant that he and/or his attorneys may be subject to sanctions for future failures to comply with a court order. Such sanctions may be in the form of monetary sanctions payable to the court or an opposing party or non-monetary sanctions aimed at curbing or deterring litigation abuses.

## IV. CONCLUSION

After reviewing all relevant matters of record in this case, including the issued FCR, Defendant's objections, and Plaintiff's response, in accordance with 28 U.S.C. § 636(b) and Fed. R.

Civ. P. 72, the Court finds that the FCR is correct.  The Court hereby accepts the FCR as the Findings and Conclusions of the Court.  And the Court **DENIES** Plaintiff's Motion for Sanctions (doc. 108) and Defendant's Motion for Plaintiffs to be Held in Civil Contempt (doc. 109) as recommended.  It also orders the parties to comply with their court-ordered obligations as recommended by the Magistrate Judge and set out herein.  The Clerk of Court will mail a copy of this order to both Plaintiffs by certified mail.

      **SO ORDERED this 30th day of January, 2015.**

                                  **JORGE A. SOLIS**
                                  **CHIEF JUDGE**